IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

      Plaintiff,                    NO. CIV-S-10-3269 MCE GGH

      vs.

MATSUI MANAGEMENT CORPORATION,

      Defendant.                ORDER

_____/

      On September 19, 2011, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within twenty-one days.  Objections were filed on September 30, 2011, and they were considered by the this Court.

      This Court reviews de novo those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).  As to any portion of the proposed findings of fact to which no objection has been made, the Court assumes its correctness and decides the motions on the applicable law.  See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979).

///

The magistrate judge's conclusions of law are reviewed de novo.  See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).

The Court has reviewed the applicable legal standards and, good cause appearing, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed September 19, 2011 (ECF No. 14), are ADOPTED in full;[1] and

2. Plaintiff's Amended Motion for Entry of Default Judgment, filed May 27, 2011 (ECF No. 12), is DENIED without prejudice.

Dated:  October 21, 2011

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] In his objections to the magistrate judge's Findings and Recommendations, plaintiff claims that service of process on defendant Matsui Management Corporation was proper based on an amended affidavit of service filed September 27, 2011. (ECF No. 15.) The amended affidavit states that a copy of process was delivered to "Ryutaro Oishi - agent for service, by serving Tome Matsuhashi, person in charge at time of service." (Id.)  Indeed, the Secretary of State's records confirm that Ryutaro Oishi is defendant's agent for service of process. (ECF No. 16-1.) However, because a copy of the summons and complaint was not personally delivered to Ryutaro Oishi, follow-up service by first-class mail, postage prepaid was required. See Fed. R. Civ. P. 4(h)(1); Cal. Civ. Proc. Code §§ 415.20, 416.10.  The amended affidavit contains no indication of follow-up service by mail, and therefore service of process was not properly effected.